

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254
(eff.10/01/02)

David Turner _____ PETITIONER
(Full name) (Include name under which you were convicted)

vs.                          CASE NO. 03cv2996
Neal K. Mechling                   (supplied by the Court)
_____ RESPONDENT
(Name of Warden, Superintendent, Jailer, or authorized
person having custody of petitioner)
and
THE DISTRICT ATTORNEY OF THE COUNTY OF Philadelphia
and
THE ATTORNEY GENERAL OF THE STATE OF Pennsylvania
ADDITIONAL RESPONDENT

David Turner                       AS-0830
Name                              Prison Number

State Correctional Institution at Pittsburgh
Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C.§2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS - READ CAREFULLY

1. YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW BECAUSE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION CANNOT BE FILED EXCEPT UNDER VERY SPECIFIC AND RARE CIRCUMSTANCES REQUIRING CERTIFICATION BY THE THIRD CIRCUIT COURT OF APPEALS AS SET FORTH IN INSTRUCTION #13.

2. YOUR HABEAS CORPUS PETITION MUST BE FILED WITHIN THE 1-YEAR STATUTE OF LIMITATIONS TIME LIMIT SET FORTH IN 28 U.S.C. § 2244(d)(1). (THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PETITION MAY BE AMENDED, WITHIN THE ONE-YEAR TIME PERIOD, TO ADD ADDITIONAL CLAIMS OR FACTS, SEE FEDERAL RULE OF CIVIL PROCEDURE 15; OR AMENDED AFTER THE ONE-YEAR PERIOD EXPIRES, IN ORDER TO CLARIFY CLAIMS WHICH WERE TIMELY PRESENTED, SEE UNITED STATES v. THOMAS, 221 F.3d 430 (3d Cir. 2000).)

3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner on Page 12. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction #8.

7. Your petition will be filed if you have followed these instructions and it is in proper order. Petitions which are not in proper order will be returned to you with a notation as to what is improper.

8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages thirteen through twenty of the petition. You should answer all questions and sign where indicated on Pages 13 and 19. You should see to it that an authorized prison official completes the certification on Page 20. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition and send it back to you so that you can exhaust all your claims and file your petition again. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

(i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable, or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

.PETITION

1. (a) Name and location of court which entered the judgment of conviction under attack: <u>Court of Common Pleas Philadelphia Country</u>
   (b) Name of Prosecutor: <u>Andrea Foulkes</u>
   (c) Prosecution conducted by District Attorney's Office of <u>Philadelphia</u> County
2. (a) Date of Judgment of conviction: <u>April 7, 1988</u>
   (b) Indictment number or numbers: <u>0412-0413</u>

   Term: <u>February 1987</u> Criminal Case Number: <u>0412-0413</u>
3. Length of sentence: <u>Life</u> Sentencing Judge: <u>J. Poserina</u> Jr.

4. Nature of offense or offenses for which you were convicted:
   Second Degree Murder, P.I.C.

5. What was your plea? (check one)
   (a) Not Guilty (X)   (b) Guilty ( )   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (check one)
   (a) Jury (X)    (b) Judge only ( )

7. Did you testify at the trial?  Yes ( )  No (X)

8. Did you appeal from the judgment of conviction?
   Yes (X) No ( )

9. If you did appeal, answer the following:

5

    (a) Name of court: __Pennsylvania Superior Court__

    (b) Result: ____Affirmed____

    (c) Date of Result: __December 14, 1989__

If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: __Pennsylvania Supreme Court ( Allocatur )__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
                       Yes (X)    No ( )

11. If your answer to 10 was "yes", give the following information:

    (a) (1) Name of Court: __Court of Common Pleas, Philadelphia Country__

        (2) Nature of proceeding: __Post Convicttion Relief Act (PCRA )__

        (3) Grounds raised: __Ineffective assistance of counsel, Prosecutor misconduct, Abuse of discretion by the trial court__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes (X)    No ( )

        (5) Result: __Hearing on one issue, Ineffective assistance of counsel, failed to object to the admittance of a firearm, irrelevant in nature to having a bearing on the instant case, (PCRA), Court never ruled on the remaining issues after remand.__

        (6) Date of result: __Denied on September 19, 2001__

6

      (7) Did you appeal the result to a higher court? Yes(**x**) No( )

Court Name(s) **Superior**    Result(s) **Denied**    Result Date(s) **September 16, 200**?

    (b) As to any _second petition_, application or motion give the same information:

        (1) Name of Court: **N/A**

        (2) Nature of proceeding: _____

        (3) Grounds raised: _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ( )   No ( )

        (5) Result: **N/A**

        (6) Date of result: _____

      (7) Did you appeal the result to a higher court? Yes( ) No( ) **N/A**

Court Name(s) _____ Result(s) _____ Result Date(s) _____

    (c) As to any _third petition_, application or motion, give the same information:

        (1) Name of Court: **N/A**

        (2) Nature of proceeding: _____

        (3) Grounds raised: _____

7

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )    **N/A**

(5) Result: _____

(6) Date of Result: _____

(7) Did you appeal the result to a higher court? Yes( ) No( ) **N/A**

Court Name(s)_____ Result(s)_____ Result Date(s)_____

**(d)** If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____**N/A**_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. GIVE SPECIFIC FACTS SUPPORTING EACH GROUND

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all you state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

8

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Trial court abused its discretion, While committing reversible error, By denying Appellant's Due Process Rights. Petitioner is innocent of all charges.

(Specific FACTS supporting this ground without citing cases or law):

Trial court gave incorrect erroneous and misleading jury instructions, To an underlying felony of Robbery, Which Appellant was never charged with, Nor did the Commonwealth, proved that a Robbery had occurred, Which cause The Appellant to be found guilty.

B. Ground two: Prosecutor committed reversible error during the presentation, and during the closing arguments, in violation of his constitutional Rights.

9

( Petitioner is innocent of all charges )

(Specific FACTS supporting this ground without citing cases or law):

During the Prosecutor's presentation and Summation to the jury, Two references to the Appellant's right to remain silent, Once by the Commonwealth's witness while on the witness stand, And during the prosecutor's closing arguments to the jury. Also inflammatory characterization of Appellant as the devil, And placig undue pressure on the jury to convict the Appellant for the sake of the community, Which denied him a fair and impartial trial

C. Ground three: Trial counsel rendered ineffective assistance to the Appellant denying him his 6th Amendment rights to effective assistance of counsel.

(Specific FACTS supporting this ground without citing cases or law):

Trial counsel rendered ineffectiveness, When he failed to object to the prosecutor misconduct, investigate or interview witnesses, object to the trial court abuse of discretion, Failed to raise arguable meritable issues in post-trial motions, or on any appeals

(Petitioner is innocent of all charges )

D. Ground four: _____

(Specific FACTS supporting this ground without citing cases or law):

10

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them:

<u>                             N/A                             </u>

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
                Yes ( )   No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: <u>George H. Newman</u>
<u>Suite 400, Benjamin Franklin, 834 Chestnut Street, Philadelphia, Pa. 19107</u>

    (b) At arraignment and plea: <u>   same lawyer   </u>

    (c) At trial: <u>   same lawyer   </u>

    (d) At sentencing: <u>   same lawyer   </u>

    (e) On appeal: <u>   same lawyer   </u>

    (f) In any post-conviction proceeding: <u>Lee Mandel, Suite 1724, Two Penn Center Plaza, Philadelphia, Pa. 19102</u>

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

11

David S. Rudenstein, 1364 Knorr Street Philadelphia, Pa. 19111

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( ) No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (X)

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) And give date and length of sentence to be served in future:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )  No ( )  N/A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May 6, 2003_    _David Turner_
                                              Signature of Petitioner


_____
Signature of Attorney (if any)

12

Affidavit Accompanying Motion for Permission to Proceed in the District court and/or on Appeal in Forma Pauperis in Habeas Corpus Cases under 28 U.S.C. Sections 2241 and 2254.

United States District Court for the Eastern District of Pennsylvania

David Turner
(Plaintiff)
V.

Neal K. Mechling
(Defendant(s))

District Court Case No. 0412-413

**FILED**
MAY  2003
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

---

Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: _David Turner_

Instructions

Complete all questions in the application and then sign it. Do not leave any blanks. If the answer to a question is "O," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: May 6, 2003

13

My issues are:

INeffective assistance of counsel during all stages of trial, and during post-trial motions and on appeals. Abuse of discretion and trial court error during the charging of the jury. Prosecutorial misconduct during the presentation and closing argument, Which all were in violation of Appellant's Constitutional Rights.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | Amount expected Next month |
| --- | --- | --- |
| | You | You |
| Employment | $ 18.00 | $ 30.00 |
| Self-employment | $ N/A | $ N/A |
| Income from real property (such as rental income) | $ N/A | $ N/A |
| Interest and Dividends | $ N/A | $ N/A |
| Gifts | $ 20.00 | $ 20.00 |
| Alimony | $ N/A | $ N/A |
| Child Support | $ None | $ None |
| Retirement (such as social security, pensions, annuities, insurance) | $ None | $ None |
| Disability (such as social security, insurance payments) | $ None | $ None |
| (Unemployment payments | $ None | $ None |
| Public Assistance (such as welfare) | $ None | $ None |
| Other specify): | $ None | $ None |
| Total monthly income: | $ 30.00 | $ 30.00 |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

14

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| S,.C.I.Pittsburgh, | P.O.Box.99901,PGH,15233. | 3/24/03 | $30.00 |
| " | " " | " 8/17/00 | $24.00 |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)   N/A

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4. How much cash do you and your spouse have?   $ N/A

Below, state any money you or your spouse have in bank accounts or in any other financial institution.   N/A

| Financial Institution | Type of account | Amount you have | Amount your spouse Has |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

If you are a prisoner, you must attach a statement *certified by the appropriate institutional officer* showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

15

Home (Value)      Other estate    Real (Value)

__None_____    _____

_____    _____

_____    _____


Motor Vehicle #1
Value  __None_____
Make & Year_____
Model:       _____
Registration #: _____

Motor vehicle #2
Value  __None_____
Make & year: _____
Model:       _____
Registration # _____

Other Assets             Value of other assets
__None_____             _____

_____          _____

_____          _____


6. State every person, business, or organization owing your or your spouse money, and the amount owed.

Person owing you or your    Amount owed to you           Amount owed to your spouse
  Spouse money

__None_____              _____          _____

_____          _____          _____

_____          _____          _____


7. State the persons who rely on you or your spouse for support.

Name                     Relationship      Age

None                     _____   _____

_____          _____   _____

_____          _____   _____


16

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate:   N/A

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ _____ | $ _____ |
| Are real-estate taxes included? | Yes _____ | No _____ |
| Is property insurance included: | Yes _____ | No _____ |
| Utilities (electricity, heating fuel, water, sewer and Telephone) | $ _____ | $ _____ |
| Home maintenance (repairs & upkeep) | $ _____ | $ _____ |
| Food | $ _____ | $ _____ |
| Clothing | $ _____ | $ _____ |
| Laundry & Dry-Cleaning | $ _____ | $ _____ |
| Medical and dental expenses | $ _____ | $ _____ |
| Transportation (not including motor vehicle payments) | $ _____ | $ _____ |
| Recreation, entertainment, newspapers magazines, etc. | $ _____ | $ _____ |
| Insurance, not deducted from wages or included in Mortgage payments) Homeowner's or renter's | $ _____ | $ _____ |
|    Life | $ _____ | $ _____ |
|    Health | $ _____ | $ _____ |
|    Motor Vehicle | $ _____ | $ _____ |
|    Other: | $ _____ | $ _____ |
| Taxes (not deducted from wages or included in mortgage payments) (specify):_____ |  |  |
| Installment payments | $ _____ | $ _____ |
| Motor Vehicle | $ _____ | $ _____ |
| Credit card (Name)_____ | $ _____ | $ _____ |
| Department store (Name): _____ | $ _____ | $ _____ |
| Other _____ | $ _____ | $ _____ |
| Alimony, maintenance, and support Paid to others | $ _____ | $ _____ |
| Regular expenses for operation of |  |  |

17

business, profession, or farm (attach
detailed statement)                          $_____    $_____

TOTAL MONTHLY EXPENSES:            $_____    $_____

9. Do you expect any major changes in your monthly income or expenses or in your assets or liabilities during the next 12 months?

Yes _____   No  X   If yes, describe on an attached sheet.

10. Have you paid or will you be paying an attorney any money for services in connection with this case, including the completion of this form?  Yes ___  No  x
If yes, state the attorney's name, address, and telephone number:

_____

_____

_____

11. Have you paid - or will you be paying- anyone other than an attorney (such as a paralegal or typist) any money for services in connection with this case, including the completion of this form?

Yes ___  No  x

If yes, how much?        $_____

If yes, state the person's name, address, and telephone number:

_____

_____

_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

Incarcerated living off of state wages, Don't have any other means of paying the docket fees.

13. State the address of your legal residence.
                                              None
_____

_____

18

Your daytime phone number: NONE
Your age: 46   Your years of schooling: 10
Your Social Security number: 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

I declare under the penalty of perjury that the foregoing is true and correct:

*David Neeuman*
Petitioner's signature

Executed on May 6, 2003
(DATE)

19

## CERTIFICATION

*attached certif*

I hereby certify that the petitioner herein has the sum of $ _____ on account to his credit at the _____ Institution where he is confined. I further certify that petitioner likewise has the following securities to his credit according to the records of said _____ Institutions: _____

_____
_____
_____

*[signature]*

_____
AUTHORIZED PRISON OFFICIAL

_____
DATE

20